ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
RACHEL WISE, ESQ.
Nevada Bar No. 12303
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Direct: (702) 577-9301
Facsimile: (702) 255-2858
E-Mail: rlarsen@grsm.com
       rwise@grsm.com

*Attorneys for Thomas Keller Restaurant Group,
TK Las Vegas LLC d/b/a Bouchon at the Venetian*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERNANDO HARO, III, | Case No.: 2:17-cv-00848-JCM-VCF |
| Plaintiff, | |
| vs. | |
| THOMAS KELLER RESTAURANT GROUP, a foreign corporation; and, TK Las Vegas, LLC, d.b.a. "Bouchon at The Venetian," a foreign Limited Liability Company, | |
| Defendant. | |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff, Fernando Haro, III, Thomas Keller Restaurant Group ("TKRG"); and, TK Las Vegas, LLC, d.b.a. "Bouchon at The Venetian," ("Bouchon") (collectively, the "parties"), through their respective counsel of record, stipulate that this Stipulated Confidentiality and Protective Order ("Protective Order") shall govern all information and documents disclosed or produced in this case, including information and documents that may be disclosed or produced before this Protective Order is entered by the Court.

WHEREAS, the parties to the above-captioned action are engaged in discovery proceedings, which may include, among other things, taking depositions, responding to

interrogatories and requests for admission, producing documents, and obtaining documents from third parties;

WHEREAS, these discovery proceedings involve the production of certain information which the parties believe to be confidential and sensitive personal medical, financial, or business information;

WHEREAS, good cause exists for entry of an order governing the production and exchange of confidential material (the "Protective Order"); and

WHEREAS, the entry of this Protective Order will promote the fair and expeditious resolution of this litigation;

Accordingly, the parties hereby stipulate to and petition the Court to enter the Protective Order, pursuant to Fed. R. Civ. P. 26(c). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under applicable state or federal law. The parties further acknowledge that this Protective order creates no entitlement to file confidential information under seal; the parties shall follow the applicable rules when seeking permission from the Court to file material under seal. The parties respectfully request this Court to enter the Stipulated Protective Order on the following terms:

**I.     DEFINITIONS**:

The following definitions shall apply to this Order:

1.     "**Confidential Information**" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.     The term "**Materials**" will include, but is not be limited to: documents; correspondence; memoranda; financial information; email; specifications;

marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; recipes; instructions; disclosures; other writings; records of website development; and internet archives.

    3.    The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: The Law Offices of Steven J. Parsons and Gordon & Rees, LLP.

## II. LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

The following provisions shall apply in this litigation:

    1.    Any party may designate as "Confidential" any material or testimony disclosed, produced, or filed in the course of this litigation if such party believes in good faith that such material or testimony contains personal, confidential, proprietary, or commercially sensitive information that requires the protections provided for in this Protective Order. Said designation shall be done in the manner hereinafter set forth in Paragraphs 4, 5, and 6, or by written agreement of the parties.

    2.    Material or testimony designated Confidential shall be used or disclosed solely for the purposes of this litigation, including without limitation written discovery, depositions, preparation of motions, trial and preparation for trial, appeals of this lawsuit, settlement discussions and negotiations, or any form of alternative dispute resolution of this litigation. Confidential Information shall be used for no other purpose whatsoever. Nothing in this Protective Order shall preclude any party or its representative from discussing the progress, theories, or legal strategies in this litigation with persons not covered by this Protective Order, provided that Confidential Information is not disclosed. Confidential Information may be disclosed only in accordance with Paragraphs 4, 5, 6 and 7.

3. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "Confidential" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking

4. All or any part of a document or a tangible item disclosed, produced, or filed by any party in the litigation may be designated Confidential by the disclosing party by marking the word "Confidential" on the face of the document and each page so designated, or in the case of electronic data (e.g. floppy disks, DVD, or CO-Rom), by the disclosing party placing the same confidentiality legend on the surface of the floppy disk, DVD, or CD-Rom.

5. Any party may designate deposition testimony or any portion or exhibit thereof, as Confidential by advising all parties in attendance of such fact, either during the deposition or after (but no later than ten (10) days after the transcript is available). Any party may designate documents or other materials produced by a non-party as "Confidential" by notifying all parties and the non-party of such designation no later than ten (10) days after receipt of such documents or materials by the designating party. Such notice shall be made with reference to the Bates numbers or other sufficiently definite description of the documents designated, and shall specify the Confidential or Highly Confidential designation as appropriate.

6. If it becomes necessary for a party to file with the Court any material designated Confidential or any papers containing or disclosing such material or information, directly or as part of another paper, including briefs, the Confidential information shall be redacted by agreement of the Parties where possible.

Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally,

such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an un-redacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal.

If the above method of redacted filing is not possible, with additional findings that comply with the ~~Nevada Rules~~ Local Rules LR IA 10-5 and LR IC 6-1 for Sealing and Redacting Court Records, all documents that are filed with the Court that contain any Confidential materials or information taken from any Confidential materials shall be filed under seal according to the Court's rules and procedures and labeled as "Subject To Protective Order," and a statement substantially in the following form:

### **CONFIDENTIAL**

This envelope contains confidential documents or information that is subject to a Protective Order governing the use of such confidential information.

Where Confidential materials or information derived therefrom are filed under seal, such information shall be kept under seal until further order of the Court; however, said information shall continue to be available to the Court and to such persons permitted access to the Protected Document under this Order. Where possible, only those portions of the filing with the Court containing the Protected Document or information derived therefrom shall be filed under seal.

7. "Confidential Information" and the substance of the same may be disclosed only to:

    (a) Counsel of record for the parties and their supporting personnel who are assisting in the prosecution, defense, or settlement of this action;

    (b) The individual parties to this Action;

    (c) Any present or former officers, directors, and employees of the parties to this Action;

    (d) Deposition witnesses in preparation for or during the course of their deposition testimony, or trial witnesses in preparation for or during the course of their trial testimony;

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1    (e)    Expert witnesses and other consultants (including their supporting personnel) who are consulted by counsel for any party to this action in preparation of this case, provided that, prior to disclosure of any protected information to any such expert or consultant, the expert or consultant shall be provided with a copy of this Agreement and execute the "Undertaking of Qualified Recipient Pursuant to Protective Order" attached as Exhibit A hereto. Any such "Undertaking of Qualified Recipient Pursuant to Protective Order" shall be signed and circulated to all parties prior to the disclosure of any protected information to the signor; and

(f)    The Court and Court personnel; court reporters and their personnel employed in connection with this Action; and any other person only upon order of the Court or upon prior written consent of the designating party.

(g)    Expert witnesses and other consultants (including their supporting personnel) who are consulted by counsel for any party to this action in preparation of this case, provided that, prior to disclosure of any protected information to any such expert or consultant, the expert or consultant shall be provided with a copy of this Agreement and execute the "Undertaking of Qualified Recipient Pursuant to Protective Order" attached as Exhibit A hereto. Any such "Undertaking of Qualified Recipient Pursuant to Protective Order" shall be signed and circulated to all parties prior to the disclosure of any protected information to the signor;

(h)    The Court and Court personnel; court reporters and their personnel employed in connection with this Action; and any other person only upon order of the Court or upon prior written consent of the designating party.

8.    Any non-party may designate any discovery material or testimony taken from it, whether pursuant to subpoena or by agreement, as "Confidential" pursuant to the terms of this Protective Order, provided that such non-party has first consented in writing to be subject to and governed by the terms hereof, and has conveyed such written consent to counsel of record for the parties.  Such consent may be made by letter, email, or other writing, and may be undertaken either prior to or within ten (10) days after the production of the discovery material or testimony that the non-party seeks to designate.  In addition, in the case of deposition testimony, such designation may be made orally on the record at the relevant deposition.  Discovery material or

testimony designated "Confidential" by a non-party shall thereafter be handled in accordance with the requirements of this Protective Order.

9. Nothing in this Protective Order shall be construed in any way as a finding that Confidential Information does or does not constitute or contain privileged information, proprietary information, or other sensitive material. Any party may challenge the designation of any Confidential Information, as set forth in Paragraph 13.

10. Where (i) a party (other than the designating party) already possessed, or has access to from sources other than the disclosing party as of the date of this Order, copies of documents or materials that have been designated Confidential, and (ii) such copies were as of the date of this Order (and have remained at all relevant times) possessed by the party without being subject to any restrictions relating to confidentiality or right of dissemination, then such copies shall not be considered Confidential under the terms of this Order.

11. If a party produces information that it considers Confidential Information or in whole or in part, without the required designations, it may designate such information or documents or parts thereof after production.

12. This Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

13. Any party may challenge a designation of "Confidential" where it reasonably and in good faith believes that such designation is both improper and inconsistent with the descriptions of Confidential Information and Highly Confidential Information set forth herein, or where it can demonstrate that the removal of such designation is necessary for the prosecution or defense of that party's case. The challenging party shall (i) serve written notice of its objection to the designating party, identifying specifically the information as to which the challenging party wishes to have the designation removed, and (ii) make a good faith effort as required by the rules of Court to resolve its dispute with the designating party. Only after completion of the foregoing, the challenging party may move the Court for an order vacating the designation. While such a motion is pending, the information in question shall be treated as it was originally designated (i.e., "Confidential") pursuant to this Protective Order.

14. If documents or testimony designated Confidential that is subject to a claim of attorney-client privilege, attorney work product, or any other privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other privilege or immunity.

    a. A claim of inadvertent production shall constitute a representation by that producing party that the Inadvertent Production Material has been reviewed by an attorney for such producing party and that there is a good faith basis for such claim of inadvertent production.

    b. If a claim of inadvertent production is made pursuant to this Protective Order, with respect to documents then in the custody of another party, the party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

    c. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

15. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

16. In the event that any Confidential documents or testimony documents are used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the producing party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential documents or testimony are to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such documents or testimony.

17. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential documents or testimony is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the producing party, all persons having received Confidential documents or testimony shall either (i) make a good-faith and reasonable effort promptly to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the producing party; or (ii) make a good-faith and reasonable effort promptly to destroy all such documents and testimony, and certify to that fact in writing to counsel for the producing party. However, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential documents or testimony), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential documents or testimony) to any person except pursuant to a court order or agreement by the producing party or except as otherwise required by law. All materials returned to the parties or their counsel by the court likewise shall be disposed of in accordance with this paragraph.

18. If any person in possession of Confidential documents or testimony (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential documents or testimony produced or designated as "Confidential" by a producing party other than the Receiver (collectively, a "Demand"), the Receiver shall give

written notice (by hand, email, or facsimile transmission) to counsel for the producing party within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential documents or testimony sought and enclosing a copy of the Demand, and must object to the production of the Confidential documents or testimony on the grounds of the existence of this Protective Order. The burden of opposing the enforcement of the Demand will fall on the producing party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential documents or testimony covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential documents or testimony will not constitute a violation of this Protective Order.

19. No Receiver shall reveal any Confidential documents or testimony, or the information contained therein, to anyone not entitled to receive such Confidential documents or testimony under the terms of this Protective Order. In the event that Confidential documents or testimony is disclosed to any person other than in the manner authorized by this Protective Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential documents or testimony, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the producing party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential documents or testimonial by each unauthorized person who receives the information.

20. The parties reserve the right to apply, pursuant to the Nevada Rules of Civil Procedure or this Court's local rules, upon short notice, for an order seeking additional

safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Protective Order.

21. Information prepared or derived by utilizing Confidential documents or testimony shall also be considered "Confidential" pursuant to this Protective Order.

22. This Protective Order is subject to revocation or modification by order of the Court upon written stipulation or motion of the parties. This Protective Order may be amended by the Court to prevent manifest injustice, and shall be amended to conform to any future amendments of the Nevada Rules of Civil Procedure or this Court's local rules.

23. This Protective Order, and any dispute arising out of or relating in any way to this Protective Order, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of Nevada, without regard to the conflict of laws principles. Each of the parties (a) irrevocably submits to the personal jurisdiction of any state or federal court sitting in Las Vegas, Nevada as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, in any suit, action or proceeding arising out of or relating to this Protective Order, (b) agrees that all claims in respect of such suit, action or proceeding shall be brought, heard and determined exclusively in the Eighth Judicial District Court for Clark County, Nevada (provided that, in the event that subject matter jurisdiction is unavailable in that court, then all such claims shall be brought, heard and determined exclusively in any other state or federal court sitting in Las Vegas, Nevada), (c) agrees that he, she or it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such court, (d) agrees not to bring any action or proceeding arising out of or relating to this Protective Order in any other court, and (e) expressly waives, and agrees not to plead or to make any claim that any such action or proceeding is subject (in whole or in part) to a jury trial. Each of the parties waives any defense of inconvenient forum to the maintenance of any action or proceeding brought in accordance with this paragraph. Each of the parties further agrees to waive any bond, surety or other security that might be required of any other party with respect to any action or proceeding concerning this Protective Order, including any appeal thereof. Each of the parties further consents and agrees that process in any suit, action or proceeding concerning this

Protective Order may be served on such party by certified mail, return receipt requested, addressed to such party or such party's registered agent in the state of its incorporation or organization, or in any other manner provided by law.

24. The Court may modify the terms and conditions of this order for good cause, or in the interest of justice or on its own order at any time in these proceedings.

| Dated this 8th day of August, 2017. | Dated this 8th day of August, 2017. |
|---|---|
| **GORDON REES SCULLY MANSUKHANI, LLP** | **LAW OFFICES OF STEVEN J. PARSONS** |
| /s/ Rachel L. Wise<br>Robert S. Larsen, Esq.<br>Nevada Bar No. 7785<br>Rachel L. Wise, Esq.<br>Nevada Bar No. 12303<br>300 South Fourth Street, Suite 1550<br>Las Vegas, NV 89101 | /s/ Andrew L. Rempfer<br>Andrew L. Rempfer, Esq.<br>Nevada Bar No. 8628<br>10091 Park Run Drive<br>Suite 200<br>Las Vegas, NV 89145 |
| *Attorney for Defendants* | *Attorneys for Plaintiff* |

**ORDER**

IT IS SO ORDERED.

DATED: This 8th day of August, 2017.

_____
**U.S. Magistrate JUDGE**

**Case No.:** 2:17-cv-00848-JCM-VCF

## FORM ATTACHMENT "A"

## CONFIDENTIALITY AGREEMENT

I, _____, do hereby acknowledge and agree as follows:

1. I have read the Stipulated Confidentiality Agreement and Protective Order of which the form of this agreement is an attachment.

2. I understand the terms of the Stipulated Confidentiality Agreement and Protective Order and agree to be bound by the terms thereof and to strictly adhere to all terms and provisions of the Stipulated Confidentiality Agreement and Protective Order. I clearly understand that the Confidential Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

3. I will return all materials containing Confidential Information, copies thereof and notes that I have prepared relating thereto, to Outside Counsel for the Party by whom or on whose behalf I am retained as required by Paragraph 7 of the Protective Order.

4. I hereby submit to the jurisdiction of the Court in which this matter is ultimately heard, solely for the purpose of enforcement of the Stipulated Confidentiality Agreement and Protective Order and this Agreement.

5. I make the above statements under penalty of perjury.

Dated this _____ day of _____ 2017.

_____
_____
Printed Name:

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1134565/34091852v.1